UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

**Hon. Hugh B. Scott**

09CR91S

v.	**Decision & Order**

Kenneth Kasper and
Phyllis Kasper,

Defendants.

Before the Court is the defendants' joint omnibus motion seeking dismissal of the indictment and various other forms of pretrial relief (Docket No. 8).[1]

**Background**

On March 11, 2009, the Grand Jury for the Western District of New York issued an indictment against defendants Kenneth and Phyllis Kasper charging that they filed a fraudulent tax return reporting a loss of $7,366 for the calendar year 1999, when they had received income of approximately $104,300.38 [Count I]; that they filed a false return for the calendar year 2000 claiming a loss of $2,687 when they had income of approximately 104,301.71 [Count II]; and

---

[1] The motion to dismiss and to disqualify the government's counsel is the subject of a separate Report & Recommendation.

that they filed a false return for the calendar year of 2001 stating that they had a loss of $628 when they had income in the amount of $68,874.65 – all in violation of 26 U.S.C. §7206(1).

## Discovery

The defendant has set forth a variety of items sought by way of pretrial discovery in this matter. It appears that the government has provided much of the discovery sought by the defendant. During oral argument, the parties did not identify any outstanding discovery issues. It appears that the response by the government is sufficient.

## Bill of Particulars

The defendants seek a bill of particulars in this case. Rule 7(f) of the Federal Rules of Criminal Procedure provides that the Court may direct the filing of a bill of particulars. Bills of particulars are to be used only to protect a defendant from double jeopardy and to enable adequate preparation of a defense and to avoid surprise at trial. U.S. v. Torres, 901 F.2d 205 (2d Cir. 1990). The government is not obligated to "preview its case or expose its legal theory." U.S. v. LaMorte, 744 F.Supp 573 (S.D.N.Y. 1990); U.S. v. Leonelli, 428 F.Supp 880 (S.D.N.Y. 1977); nor must it disclose the precise "manner in which the crime charged is alleged to have been committed" U.S. v. Andrews, 381 F.2d 377 (2d Cir. 1967).

Upon review of the indictment, and upon the discovery and information already provided or promised in this case, the defendants have not demonstrated that further particularization is required to protect them from double jeopardy or to enable them to adequately prepare a defense and avoid surprise at trial.

## Motion for a Daubert Hearing and Motion to
## Conduct Voir Dire Outside the Presence of the Jury

The Kaspers seek a hearing pursuant to Rule 702 of the Federal Rules of Evidence and Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993). In response, the government has identified two individuals employed by the IRS who will testify at trial. The government maintains that these individuals are not experts as contemplated under Rule 702. In any event, the determination as to the scope and admissibility of the testimony of these witnesses, and any hearing relating thereto, is more appropriately to be presented to the District Court Judge presiding over the trial in this case.

Similarly, the defendants request to voir dire government experts outside the presence of the jury is a matter to be determined by the District Court Judge presiding over the trial in this case.

## Brady and Jencks Material

The defendants also seek the disclosure of all potentially exculpatory materials, including information to be used for the impeachment of the government's witnesses, as required under Brady v. Maryland, 373 U.S. 83 (1963) and its progeny. Brady material, as those cases have come to define it, includes all evidence which may be favorable to the defendant and material to the issue of guilt or punishment. Such evidence includes "[a]ny and all records and/or information which might be helpful or useful to the defense in impeaching ... [and] [a]ny and all records and information revealing prior misconduct ... attributed to the [government's] witness."

U.S. v. Kiszewski, 877 F.2d 210 (2d Cir. 1989). The defendants further seek disclosure of the statements of witnesses under the Jencks Act (15 U.S.C. §3500).

The government has acknowledged its obligations under Brady and the Jencks Act. The government represented that at this time it dos not possess exculpatory material within the contemplation of Brady. (Docket No. 14 at page 40). With respect to Jencks material, the government states that it will turn over such material at the time of final pretrial submissions. (Docket No. 14 at page 39).

Neither the Supreme Court, nor the Second Circuit[2], have ruled directly on whether there is a meaningful distinction between "exculpatory Brady" and "impeachment Brady" materials for purposes relating to the time within which such information must be disclosed. Several other courts have discussed the issue at hand, which often arises in the context of a potential, if not inherent conflict between the government's obligations to disclose under Brady, and the governments right to delay disclosure of certain information pursuant to the Jencks Act. Those cases suggest that the court has some discretion with respect to directing the timing of such disclosure. U.S. v. Campagnuolo, 592 F.2d 852 (5th Cir. 1979)(the Court interpreted Brady to require disclosure "at the appropriate" time, which often is prior to trial); U.S. v. Perez, 870 F.2d 1222 (7th Cir. 1989)(the government's delay in disclosing Brady material violates due process only if the delay prevented the defendant from receiving a fair trial); U.S. v. Ziperstein, 601 F.2d 281 (7th Cir. 1979)(a defendant receives a fair trial, notwithstanding delayed disclosure of Brady material, as long as disclosure is made before it is too late for the defendant to make use

---

[2] In a footnote in its opinion in Lucas v. Regan, 503 F.2d 1, 3 n.1 (1974), the Second Circuit stated that "[n]either Brady nor any other case we know of requires that disclosures under Brady be made before trial."

of any benefits of the evidence). But see U.S. V. Wilson, 565 F.Supp 1416 (S.D.N.Y. 1983) (impeachment material need not be produced prior to trial); U.S. Biaggi, 675 F.Supp 790 (S.D.N.Y. 1987)(information bearing on a witness' credibility may be turned over at the same time as [Jencks Act] materials); U.S. V. Feldman, 731 F.Supp 1189 (S.D.N.Y. 1990)(it is sufficient for the government to disclose Brady impeachment materials along with [Jencks Act] materials).

The Jencks Act relates only to "statements" made by government witnesses. Such statements may include inconsistencies which make them useful for impeachment purposes, and thus, subject them to disclosure under Brady principles. To this extent, it has been suggested that the constitutional requirements underlying Brady could act to modify the Jencks Act. U.S. v. Campagnuolo, 592 F.2d 852, 860 (5th Cir. 1979). But see U.S. v. Presser, 844 F.2d 1275 (6th Cir. 1988)(the government may not be compelled to pretrial disclosure of Brady or Jencks material). The record in this case does not reflect whether any of the materials withheld by the government may be considered both Brady and Jencks material. Certainly "impeachment Brady" material may include several items which are not considered "statements" under the Jencks Act.

This Court believes that fundamental fairness and the constitutional due process requirements which underlie Brady mandate that the court have some discretion with respect to the timing of the disclosure of such information, even if it may be considered combined Brady/Jencks material. Indeed, even with respect to purely Jencks Act materials, the Second Circuit has stated that "pre-trial disclosure will redound to the benefit of all parties, counsel and the court, ... sound trial management would seem to dictate that Jencks Act material should be submitted prior to trial ... so that those abhorrent lengthy pauses at trial to examine documents

can be avoided." U.S. v. Percevault, 490 F.2d 126 (2d Cir. 1974); U.S. V. Green, 144 F.R.D. 631 (W.D.N.Y. 1992).

In the instant case, and while balancing all of the above, the Court concludes that disclosure of such inculpatory and impeachment material, if any exists, in accordance with the common practice in this district (prior to trial so long as it is disclosed in sufficient time for the defendant to have a fair opportunity to utilize the information at trial) is sufficient.

**Government Summaries**

The defendants have requested the right to inspect any summaries the government intends to use at trial in this matter. The government has responded that it has already provided the defendants with numerous charts and spread sheets and that some of those may used at trial in this case. The government states that no other charts or summaries have been prepared at this time. The government also represents that if it determines that such summaries will be used, they will disclose them as directed by the District Court's pretrial order in this matter. This response is sufficient.

**Rule 404 and 609 Evidence**

The defendants requests disclosure of all evidence of prior bad acts that the government intends to use in its case-in-chief, pursuant to Federal Rule of Evidence 404(b). The defendant also requests disclosure pursuant to Federal Rules of Evidence 609 of all evidence of prior bad acts that the government intends to use for impeachment purposes should they testify at trial.

Rule 404 requires that the defendant be given "reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to use at trial."  The government represents that it is not aware of any evidence it may seek to introduce pursuant to Rule 404(b). (Docket No. 14 at page 40).  To the extent that the government becomes aware of and intends to use any such prior bad act in its case in chief, the government shall produce all Rule 404(b) evidence as directed by the District Court in the trial order.

With respect to the defendant's requests under Rule 609, the only notice requirement imposed by either applies where a party intends to introduce evidence of a conviction that is more than ten years old. Under such circumstances, Rule 609(b) mandates that "the proponent [give] to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence."  To the extent the government intends to use a conviction more than 10 years old, it must comply with this requirement.

**Preservation of Evidence**

The defendants have also requested preservation of rough notes and other evidence taken by law enforcement agents involved.  The government is directed to preserve all items of evidence.

**Disclosure of Identities of Informants**

The defendants request that the government disclose the identities of all informants in this

case. The government represents that it has neither utilized nor relied upon informants in this case. (Docket No. 14 at page 42).

## Conclusion

The defendants omnibus motion is granted in part and denied in part consistent with the above.

So Ordered.

                                                        /s/ Hugh B. Scott
                                                       United States Magistrate Judge
                                                       Western District of New York

Buffalo, New York
November 6, 2009